# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THOMAS W. POLK,

    Petitioner,

v.

CASE NO. 2:06-CV-10568
HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

JAN TROMBLEY,

    Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Thomas W. Polk, ("Petitioner"), presently confined at the Straits Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for armed robbery, Mich. Comp. Laws Ann. § 750.529; and resisting and obstructing a police officer, Mich. Comp. Laws Ann. § 750.479. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

## I.   BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Macomb County Circuit Court. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, which facts are presumed correct on habeas review. *See Long v. Stovall*, 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

> The prosecution charged defendant with armed robbery on an aiding and abetting theory. At trial the evidence showed that two men robbed a convenience store and took money and cigarettes. The men wore dark shirts to partially obscure their faces, and one was armed with a handgun that he carried in his waistband. Defendant and Johnathan Breuer were apprehended in a vehicle in which the police found dark shirts, a handgun, and cigarettes of the brand taken from the store. Defendant and Breuer were arrested after a physical altercation with the police. Breuer's fingerprint was found on the cigarette carton. The store clerk viewed a photograph of the gun

1

found in the vehicle and identified it as the gun the robber carried.

Defendant made a number of statements at the scene of his arrest and at the police station. After defendant was subdued he stated that he did it and that he knew he was going to return to jail. At the station defendant muttered that he should have robbed a bank. An investigating officer testified that defendant told him that he and Breuer were cousins. In response to a question as to whether defendant said anything else in connection with the investigation, the officer testified that he advised defendant of his *Miranda* rights, and that defendant said that while he understood his rights he did not want to make a statement because he did not trust law enforcement officers and was not going to talk about the incident.

Defendant moved for a mistrial on the ground that the prosecution's questions regarding whether he made a statement infringed on his right to remain silent. Following the jury's verdict the trial court denied defendant's motion, concluding that the prosecution did not deliberately attempt to elicit testimony that infringed on defendant's right to remain silent, and that any error was harmless in light of the overwhelming evidence against defendant.

*People v. Polk*, No. 237824, * 1-2 (Mich. Ct. App. Mar. 6, 2003).

Petitioner's conviction was affirmed on appeal. *Id.*, *lv. den.* 666 N.W. 2d 673 (Mich. 2003). Petitioner then filed a post-conviction motion for relief from judgment, pursuant to M.C.R. 6.500, *et. seq.,* which the trial court denied. *People v. Polk*, No. 2001-1514-FC (Macomb County Circuit Court, July 29, 2004). The Michigan appellate courts denied petitioner leave to appeal. *People v. Polk*, No. 262059 (Mich. Ct. App. Oct. 20, 2005), *lv. den.* 707 N.W. 2d 203 (Mich. 2005).

Petitioner now seeks the issuance of a writ of habeas corpus. For purposes of judicial clarity, the Court will paraphrase the claims, rather than recite them verbatim:

I. Petitioner was denied his right to a fair trial when the officer-in-charge testified about petitioner exercising his right to remain silent.

II. The trial court incorrectly instructed the jury upon the required intent element of aiding and abetting.

III. Trial counsel was ineffective for failing to file a pre-trial motion to suppress petitioner's alleged statements to the police.

IV. Trial counsel was ineffective for failing to file a pre-trial motion to suppress evidence seized by an illegal investigatory stop.

V. Trial counsel was ineffective for failing to call the co-defendant as a witness for the defense.

VI. The trial court's response to the jury's request to have testimony re-read to them misled the jury and foreclosed the jurors from rehearing testimony.

VII. Petitioner's constitutional rights were violated where petitioner was sentenced to a lengthier prison term for his decision to exercise his constitutional right to a trial.

VIII. Petitioner was denied a fair trial because of prosecutorial misconduct.

IX. Petitioner was denied the effective assistance of appellate counsel.

## II. **STANDARD OF REVIEW**

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court

3

decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. DISCUSSION

### A. Claim # 1. The remarks about petitioner's exercise of his right to remain silent.

Petitioner first claims that Detective Michael Torey commented on petitioner's right to remain silent when he testified that petitioner refused to answer questions after being advised of his *Miranda* rights. Both the trial court and the Michigan Court of Appeals found the error to be harmless in light of the overwhelming nature of the evidence against petitioner. (*See* Tr. 9/21/2001, pp. 8-9); *People v. Polk*, 237824, at * 2-3.

It is a violation of the Due Process clause of the Fourteenth Amendment for the prosecution to use a defendant's post-arrest silence to impeach exculpatory testimony given by the defendant at trial. *Doyle v. Ohio*, 426 U.S. 610, 619 (1976). However, a violation of *Doyle* can be harmless error. *See Hayton v. Egeler*, 555 F. 2d 599, 603-04 (6th Cir. 1977). On federal habeas review of a state court conviction, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). When it is in the interest of judicial economy and brevity to do so, a federal district court on habeas review of a state court conviction can directly perform a harmless error analysis of a habeas petitioner's claims without first reviewing the merits of the claims. *See, e.g.*, *Porter v. Horn*, 276 F. Supp. 2d 278, 344 (E.D. Pa. 2003).

Assuming that Detective Torey's comments amounted to an improper comment upon petitioner's exercise of his right to remain silent, they did not have a substantial and injurious effect or influence on the verdict, in light of the overwhelming evidence against petitioner. Petitioner and the co-defendant were stopped by the police some twenty minutes after the robbery driving a

4

vehicle in the vicinity of where the robbery took place. Both men were wearing dark shirts that were similar to the ones that the perpetrators of the robbery wore over their faces. Police recovered a carton of cigarettes from petitioner's vehicle that were the same type of cigarettes that had been taken from the store. A search of the vehicle also revealed two toy guns that were similar to the ones used by the perpetrators of the robbery. Moreover, petitioner attempted to resist arrest. Finally, and most importantly, petitioner made several incriminating statements to the police at the time of his arrest and at the police station but prior to being advised of his *Miranda* rights. In these statements, petitioner told the police, "Fine, I'm done. I did it anyway's. What's it matter? I'm going to jail forever." and "I should have just robbed a bank today instead." In light of the overwhelming evidence against petitioner, there is no reasonable probability that the isolated reference to petitioner's post-*Miranda* silence influenced the jury's decision. Accordingly, petitioner is not entitled to habeas relief on his first claim. *See Billingslea v. Jackson*, 83 Fed. Appx. 33, 41 (6th Cir. 2003).

### B. Claim # 2. The jury instruction claim.

Petitioner next contends that the trial court's instruction regarding the intent element for aiding and abetting was defective because it failed to instruct the jury that in order to convict petitioner of aiding and abetting, they would have to find either that petitioner had the specific intent to commit an armed robbery or that he knew that the co-defendant had the specific intent to commit an armed robbery.[1] The Michigan Court of Appeals rejected petitioner's claim, finding

---

[1] Respondent contends that petitioner's claim is procedurally defaulted because he failed to object to the instruction, and the Michigan Court of Appeals relied on this failure to object as a basis of rejecting the claim. As part of this claim, petitioner alleges that his trial counsel was ineffective for failing to object to the allegedly deficient instruction. Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of the defaulted claim, it would simply be easier to consider the merits of the claim. *See Cameron v. Birkett*, 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). Moreover, for purposes of judicial clarity, the

that the aiding and abetting instruction was a correct statement of the law. *Polk*, No. 237824, at * 3.

In determining whether jury instructions violate a defendant's constitutional due process rights to a fair trial, the reviewing court must consider the charge to the jury in its entirety. *See Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973). To rise to the level of a constitutional violation, the alleged erroneous instruction must so affect the entire trial that a conviction violates due process. For purposes of a constitutional claim, it is insufficient that the instructions are undesirable, erroneous, or even universally condemned. *See Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).

To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

> 1. the crime charged was committed by the defendant or some other person;
> 2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and
> 3. the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

*Dillard v. Prelesnik*, 156 F. Supp. 2d 798, 808 (E.D. Mich. 2001) (citing *People v. Carines*, 460 Mich. 750, 757-58; 597 N.W. 2d 130 (1999)).

The elements of armed robbery under Michigan law are: "(1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute." *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004) (citing *People v. Allen*, 201 Mich. App. 98, 100; 505 N.W. 2d 869 (1993)). Armed robbery is a specific intent crime, which requires the prosecutor to establish that the defendant intended to

---

Court will discuss petitioner's ineffective assistance of counsel claim when addressing petitioner's other ineffective assistance of counsel claims. *See* Section C., *Infra*.

permanently deprive the owner of his property. *See People v. Lee*, 243 Mich. App. 163,168; 622 N.W. 2d 71 (2000).

In the present case, the jury instructions, when read in their entirety, adequately informed the jurors that in order to convict petitioner of being an aider and abettor of an armed robbery, they would have to find that petitioner specifically intended to commit the robbery or that he knew that the co-defendant specifically intended to commit an armed robbery. The trial court instructed the jury on the elements of aiding and abetting, including the element that "the defendant must have intended the commission of the crime alleged or must have known that the other person intended its commission at the time of giving the assistance." (Tr. 9/20/2001, pp. 86-87). Immediately after giving this instruction, the trial court instructed the jury on the elements of armed robbery, including the fact that armed robbery is a specific intent crime. (*Id.* at pp. 87-88). Finally, the Michigan Court of Appeals upheld the trial court's instruction as being an accurate statement of the law.

Where a state appeals court finds that the instruction given by the trial court accurately reflected state law, this Court must defer to that determination and cannot question it. *Seymour v. Walker*, 224 F. 3d 542, 558 (6th Cir. 2000). Because the Michigan Court of Appeals determined that the jury instruction accurately reflected the elements of aiding and abetting, petitioner is not entitled to habeas relief. *See Williams v. Withrow*, 328 F. Supp. 2d 735, 752-53 (E.D. Mich. 2004). In addition, because the instructions as a whole properly conveyed the elements of aiding and abetting an armed robbery, petitioner has failed to show that he was deprived of a fair trial so as to entitle him to habeas relief. *See Nash v. McKune*, 44 Fed. Appx. 378, 380 (10th Cir. 2002).

**C. Claims # 2, 3, 4, and 5. The ineffective assistance of trial counsel claims.**

Petitioner next raises several ineffective assistance of trial counsel claims.[2] To succeed on an ineffective assistance of counsel claim, the petitioner must meet both prongs of the *Strickland* test. *See Towns v. Smith*, 395 F. 3d 251, 258 (6th Cir. 2005). The first prong requires the petitioner to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The second prong requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The *Strickland* test for ineffective assistance of counsel claims is "stringent." *Goldsby v. U.S.*, 152 Fed. Appx. 431, 435 (6th Cir. 2005). Under the *Strickland* standard, "'[t]he reviewing court's scrutiny of counsel's performance is highly deferential,' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (*quoting Carson v. United States*, 3 Fed. Appx. 321, 324 (6th Cir. 2001)).

As part of his second claim, petitioner contends that his trial counsel was ineffective for failing to object to the trial court's inadequate aiding and abetting instruction. Because the jury instructions as a whole adequately explained the specific intent required to prove the crime of aiding and abetting an armed robbery, trial counsel was not ineffective for failing to object to the instruction. *See, e.g.*, *Campbell v. Coyle,* 260 F. 3d 531, 557 (6th Cir. 2001).

---

[2] Respondent asserts that petitioner's remaining claims are procedurally defaulted because petitioner failed to raise them on direct review of his convictions, and when he raised them on state collateral review, the state appellate courts rejected the claims pursuant to M.C.R. 6.508(D). A claim is not procedurally defaulted where the Michigan Supreme Court relies upon Rule 6.508(D) without a clear and express invocation of a procedural bar and where the only state court to provide a reasoned opinion adjudicated the petitioner's claim on the merits. *See Abela v. Martin*, 380 F. 3d 915, 921-24 (6th Cir. 2004). Although the Michigan appellate courts rejected petitioner's remaining claims on the basis of M.C.R. 6.508(D), the trial court determined that petitioner's claims had no merit. Although the trial court briefly alluded to 6.508(D) in its "Standard of Review" section of its opinion, the trial court made no mention of Rule 6.508(D)(3) when denying petitioner's post-conviction claims. This Court therefore concludes that petitioner's claims are not procedurally defaulted.

In his third claim, petitioner contends that counsel was ineffective for failing to move for the suppression of the incriminating statements that petitioner made to police officers before he had been advised of his *Miranda* rights. The trial court rejected this claim on state post-conviction review, finding that petitioner's statements to the police were spontaneously made, rather than in response to any police questioning. Thus, the statements were admissible and counsel was therefore not ineffective in failing to move for their suppression. *People v. Polk*, No. 2001-1514-FC, Slip. Op. at * 3-4.

A state court's finding that no express interrogation of a habeas petitioner occurred is a factual finding that is entitled to the presumption of correctness. *Dell v. Straub*, 194 F.Supp. 2d 629, 646 (E.D. Mich. 2002). Petitioner has offered no evidence to the contrary, and the officers' trial testimony supports the trial court's factual finding that petitioner's statements to the police were spontaneously made.

Where a defendant makes a voluntary statement without being questioned or pressured by the police, the statements are admissible despite the absence of *Miranda* warnings. *United States v. Murphy*, 107 F.3d 1199, 1204 (6th Cir.1997). "[I]t is well settled that a volunteered statement made by a suspect, not in response to interrogation, is not barred by the Fifth Amendment and is admissible with or without the giving of *Miranda* warnings." *United States v. Thornton*, 17 F. Supp. 2d 686, 693 (E.D. Mich. 1998). Because petitioner's volunteered statements to the police would not have been excludable under *Miranda*, counsel's failure to move to suppress them was not ineffective assistance. *See Jackson v. Calderon*, 211 F. 3d 1148, 1155 (9th Cir. 2000).

In his fourth claim, petitioner contends that his trial counsel was ineffective for failing to move to challenge the traffic stop in this case, contending that the police lacked any reasonable

9

suspicion to engage in an investigatory stop and that petitioner was stopped by the police solely because he is Caucasian. In rejecting this claim on post-conviction review, the state trial court noted that the police had put out a radio broadcast about the armed robbery that described the suspects as "two men who were white, possibly Hispanic or light-complexioned Arabs wearing dark clothing." The trial court noted that while driving toward the scene of the armed robbery, the officers observed a car traveling away from the scene. The officers illuminated the interior of the car and observed two white men inside of the car wearing dark clothing. The trial court rejected petitioner's argument that petitioner was stopped solely because of his race. The trial court concluded that under these circumstances, the police had reasonable suspicion to engage in a traffic stop of petitioner's vehicle. *People v. Polk*, No. 2001-1514-FC, Slip. Op. at * 5-6.

In *Terry v. Ohio*, 392 U.S. 1, 10 (1968), the Supreme Court held that "the police should be allowed to 'stop' a person and detain him briefly for questioning upon suspicion that he may be connected with criminal activity." *Id.* at 10. "[I]n justifying the intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21. The Supreme Court later extended this principle to the stop of a car. *See Berkemer v. McCarty*, 468 U.S. 420, 439 (1984).

In the present case, the police officers had reasonable suspicion that justified a *Terry* stop of petitioner and his co-defendant, in light of the fact that petitioner's location and the direction in which he was traveling were consistent with the police dispatch about the robbery, and the officers testified that petitioner and the co-defendant matched the descriptions of the suspects given in the dispatch. *See United States v. Lindsay*, 114 Fed. Appx. 718, 722-23 (6th Cir. 2004). Moreover, the police did not did not engage in illegal racial targeting or "racial profiling" of petitioner and the

co-defendant, where their clothing, appearance, location, and race coincided with published descriptions of the robbers. *See U.S. v. Waldon*, 206 F. 3d 597, 604 (6th Cir. 2000). Because the police had reasonable suspicion under the totality of the circumstances of this case to stop the vehicle being driven by petitioner, counsel was not ineffective in failing to challenge the legality of the traffic stop. *Compare Northrop v. Tripett*, 265 F. 3d 372, 383-85 (6th Cir. 2001).

In his fifth claim, petitioner contends that his trial counsel was ineffective for failing to call co-defendant to testify as a defense witness at trial. Petitioner has attached an affidavit purportedly signed by Mr. Brewer on August 15, 2003, in which Brewer claims that he alone committed the robbery, with "no assistance or co-conspirator involved." Brewer further claims that petitioner had no prior knowledge of the crime and was not only surprised of the crime but became angry.[3] The trial court rejected petitioner's claim on post-conviction review, finding that any error in failing to call Brewer as a defense witness would have been harmless error in light of the overwhelming evidence against petitioner in this case. *Polk,* No. 2001-1514-FC, Slip. Op. at * 4-5.

The Court notes that Jonathan Brewer's affidavit is of questionable credibility. Brewer only signed this affidavit after both he and petitioner had been convicted and after the conclusion of petitioner's direct appeal. Secondly, Brewer appears to allege that he acted alone, without any co-conspirator. However, this proposed testimony would have been called into question by the victim's testimony that two persons were involved in the robbery. Finally, Brewer does not suggest that petitioner was not present when the robbery occurred, as petitioner claims, but merely did not take part in the robbery. Defense counsel's failure to have petitioner's co-defendant testify before his jury was therefore not ineffective assistance, where it was highly doubtful that his testimony

---

[3] Affidavit attached as Petitioner's Exhibit C.

11

would have enured to petitioner's benefit. *See Wickliffe v. Farley*, 809 F. Supp. 618, 622 (N.D. Ind. 1992). Finally, petitioner was not prejudiced by counsel's failure to have Brewer testify before his jury, as it is unlikely that the jury would have believed any exculpatory testimony offered by petitioner's co-defendant, in light of the additional evidence against petitioner, including his own self-incriminating remarks. *See Timms v. United States*, 375 F. Supp. 2d 781, 786 (N.D. Ill. 2005). Petitioner is therefore not entitled to habeas relief on his ineffective assistance of counsel claims.

### D. Claim # 6. The readback of testimony claim.

Petitioner next contends that the trial court improperly responded to the jury's request to have certain testimony read back to them, by giving them the false impression that the transcripts of the testimony were not immediately available and that they should therefore attempt to rely first upon their collective memories.

There is no U.S. Supreme Court decision that requires judges to re-read testimony of witnesses or to provide transcripts of their testimony to jurors upon their request. *See Friday v. Straub*, 175 F. Supp. 2d 933, 939 (E.D. Mich. 2001). Moreover, the trial court did not refuse the jury's request for a transcript but merely postponed the jury's request in an attempt to spur the jury to use its memory and avoid unnecessary delay and was therefore a proper exercise of the trial court's discretion. *See Gittens v. Scully*, 737 F. Supp. 840, 843 (S.D.N.Y. 1990). Petitioner is not entitled to habeas relief on his sixth claim.

### E. Claim # 7. The vindictive sentencing claim.

Petitioner next claims that the sentence of fourteen to thirty years that he received on his armed robbery conviction creates an inference that he was punished for exercising his constitutional

right to a jury trial. Petitioner points to the fact that prior to trial, the prosecutor offered both petitioner and the co-defendant plea bargains, which involved a plea of guilty to the armed robbery charge with a sentence agreement that the minimum sentence would be no greater than three years. The co-defendant availed himself of the plea offer, but petitioner did not.

A sentence is unconstitutionally vindictive if it imposes greater punishment because the defendant exercised a constitutional right, such as the right to jury trial or the right to appeal. *See Wasman v. United States*, 468 U.S. 559, 568 (1984). However, the mere imposition of a longer sentence than a defendant would have received had he pled guilty does not automatically constitute vindictive or retaliatory punishment. *Williams v. Jones*, 231 F. Supp. 2d 586, 599 (E.D. Mich. 2002). "[T]he Supreme Court's plea bargaining decisions make it clear that a state is free to encourage guilty pleas by offering substantial benefits to a defendant, or by threatening an accused with more severe punishment should a negotiated plea be refused." *Id.* (citing *Corbitt v. New Jersey*, 439 U.S. 212 (1978); *Bordenkircher v. Hayes*, 434 U.S. 357 (1978)). Although a defendant is free to accept or reject a plea bargain, once that bargain has been rejected, "the defendant cannot complain that the denial of the rejected offer constitutes a punishment or is presumptive evidence of judicial vindictiveness." *Id.*

In the present case, petitioner was not re-sentenced after a retrial following a successful appeal, or after overturning or withdrawing a guilty plea. Instead, petitioner was sentenced after being convicted at a trial following his decision to reject a plea bargain. Under the circumstances, petitioner has failed to show that the sentence that was imposed was vindictive. *Williams*, 231 F. Supp. 2d at 598. Petitioner is not entitled to habeas relief on his seventh claim.

**F. Claim # 8. The prosecutorial misconduct claim.**

13

Petitioner next claims that the prosecutor engaged in misconduct by implying that the perpetrators used a vehicle as a getaway car, when the victim testified that he observed the perpetrators fleeing on foot.

When a petitioner seeking habeas relief makes a claim of prosecutorial misconduct, the reviewing court must consider that the touchstone of due process is the fairness of the trial, not the culpability of the prosecutor. On habeas review, a court's role is to determine whether the conduct was so egregious as to render the entire trial fundamentally unfair. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1355-56 (6th Cir. 1993). In evaluating prosecutorial misconduct in a habeas case, consideration should be given to the degree to which the challenged remarks had a tendency to mislead the jury and to prejudice the accused, whether they were isolated or extensive, whether they were deliberately or accidentally placed before the jury, and, except in the sentencing phase of a capital murder case, the strength of the competent proof against the accused. *Id.*

Misrepresenting facts in evidence by a prosecutor can amount to substantial error because doing so "may profoundly impress a jury and may have a significant impact on the jury's deliberations." *Washington v. Hofbauer*, 228 F. 3d 689, 700 (6th Cir. 2000). Likewise, it is improper for a prosecutor during closing arguments to bring to the jury any purported facts that have not been introduced into evidence and which are prejudicial. *Byrd v. Collins*, 209 F. 3d 486, 535 (6th Cir. 2000). However, prosecutors must be given leeway to argue reasonable inferences from the evidence. *Id.*

Although the victim of the robbery observed the perpetrators flee on foot, the police arrested petitioner and the co-defendant in a vehicle a short time later. The prosecutor did not misrepresent the evidence or argue facts not introduced into evidence but merely argued reasonable inferences

from the evidence. Finally, because the prosecutor's remarks were only a small part of an argument and the trial judge informed the jury that the arguments were not evidence, federal habeas relief is not warranted. *Byrd*, 209 F. 3d at 532-33.

### G. Claim # 9. Ineffective Assistance of Appellate Counsel Claims.

Finally, petitioner's claim that appellate counsel was ineffective for failing to raise his third, fourth, fifth, sixth, seventh, and eighth claims on his appeal of right must fail because these claims are without merit. *See Siebert. v. Jackson*, 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED WITH PREJUDICE. The Court declines to issue a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 19, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 19, 2007.

                 s/Marie E. Verlinde
                 Case Manager
                 (810) 984-3290